UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORONDE COLEMAN,<br>Plaintiff,<br>v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br>Defendant. | Case No. 2:26-cv-02634-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint in which he alleges that Clark County Detention Center ("CCDC") mailroom attendants are not sending out his correspondence to various news outlets. ECF Nos. 1, 1-1. Plaintiff's IFP application is granted. For the reasons explained below, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

## I. Screening Standard

Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the

complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

Plaintiff's Complaint asserts one claim. Plaintiff says that unidentified CCDC mailroom employees are not sending out his mail to various media outlets (the New York Times, the Las Vegas Review Journal, and Las Vegas Channel 8 News). ECF No. 1-1. To the extent Plaintiff pleads facts stating reasons his out-going mail was not processed, they include identifying non-legal mail as legal mail and failing to attach appropriate postage requests to certain envelopes. *Id.* at 3-4. Plaintiff's Complaint is devoid of facts alleging any wrongdoing by Las Vegas Metropolitan Police Department ("LVMPD") itself. LVMPD is the only named defendant in this case. *Id.*, *generally*.

a. Plaintiff Fails to State a Claim Against LVMPD.

Plaintiff fails to state a claim against LVMPD. Under *Monell v. Dept. of Soc. Servs*., 436 U.S. 658, 690-95 (1978), municipal entities like LVMPD can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipal entity like LVMPD must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Moreover, before a *Monell* claim will proceed to litigation a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). LVMPD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, LVMPD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, LVMPD may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff alleges no facts demonstrating a policy, longstanding practice or custom, or that an official with policy making authority was involved in the actions about which he complains. ECF No. 1-1. Plaintiff also alleges nothing demonstrating an official ratified wrongful conduct by a subordinate. Plaintiff's allegations fail to state a claim against the LVPMD. *Id.*

b. Plaintiff Identifies No Individual Defendants.

Under Section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Rule 8 of the Federal Rules of Civil Procedure require a complaint to plead sufficient facts to give a defendant fair

notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). As pleaded, it is impossible for any mailroom attendant to respond to Plaintiff's Complaint. The facts alleged are somewhat jumbled and dates of events that might help identify who was involved in processing mail are unclear. If Plaintiff has a name or description of mailroom attendants involved in the conduct he alleges violated his constitutional rights, he must include that information in an amended complaint (if one is filed). Alternatively, Plaintiff may attach a response to a grievance if that will help identify the potential individual defendants. In the absence of any facts that will allow for the identification of individuals who personally participated in the alleged deprivation of Plaintiff's rights, the Court finds his claims cannot proceed.

c. <u>Plaintiff Does Not State a Constitutional Claim Based on Interference with Mail</u>.

Well settled law establishes that prisoners do not forfeit all of their First Amendment rights upon incarceration. Nonetheless, those rights must be exercised in a manner that is consistent with the legitimate penological objectives of a correctional system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). A temporary or isolated incident of delay in processing mail does not violate a prisoner's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999).

Here, Plaintiff appears to allege there were four occasions on which his mail was delayed or not sent. Plaintiff references correspondence he attempted to send to Channel 8 News in February 2026. ECF No. 1-1 at 3. Plaintiff does not explain what happened to this mail. *Id.* Plaintiff also identifies two occasions in March 2026 when he attempted to send mail to the media. *Id.* at 3. Plaintiff says on March 17, 2026, he attempted to send mail to a media outlet, marking the envelop as "legal mail" because it contained materials related to his case. *Id.* The mailroom returned this mail to Plaintiff because it did not qualify as "legal mail." *Id.* The second event happened at the end of March when Plaintiff sent something to the Las Vegas Review Journal that was returned by the mailroom for reasons the Court cannot discern (albeit it may have had to do with postage). *Id.* The fourth event allegedly occurred in August 2026 when the CCDC mailroom returned mail to

Plaintiff because he had not attached the proper postage request form to the mail. *Id.* at 3-4. This mail was addressed to the New York Times. *Id.* Confusingly, Plaintiff says that in March 2026 he got this mail back from the mailroom with a note indicating the mail was sent. *Id.* Plaintiff alleges the reporter to whom he sent the mail never received it, but Plaintiff does not provide the Court with an explanation regarding how he would possess this information. *Id.*

Plaintiff does not plead a constitutional violation arising from his mail not being sent to television and newspaper outlets. *Williams v. Lane*, Case No. 9:13-cv-0965 (BKS/DJS), 2016 WL 4275738, at *2 (N.D.N.Y. Aug. 15, 2016) (citing *Singleton v. Williams*, Case No. 12 Civ. 2021 (LGS), 2014 WL 2095024, at *4 (S.D.N.Y. May 20, 2014)) (additional citations omitted) (a First Amendment claim based on three incidents of alleged interference with incoming non-legal mail fails as a matter of law to state a claim under § 1983). "Isolated incidents of mail interference or tampering will not support a claim under section 1983" and "the mail interference must involve more than isolated incidents or, if so isolated, be based on an improper motive." *White v. Decker*, Case No. 2:24-cv-01685-CKD, 2024 WL 4374276, at **2-3 (E.D. Cal. Oct. 2, 2024). *See also Witherow v. Crawford*, 468 F.Supp.2d 1253 (D. Nev. 2006) (finding, *inter alia*, that Nevada Department of Corrections inmates did not have due process rights relating to mail arising from the constitution or state created regulations).

Plaintiff describes three occasions over a two month period, with a fourth incident approximately five months later, involving the alleged failure to send out his mail addressed to the media. On two occasions, the mail appears to have been returned to him by the mailroom for legitimate reasons. These include Plaintiff identifying non-legal mail as legal mail and failing to follow the proper postage processes. On one occasion, Plaintiff received notice that his mail was sent. Plaintiff disputes this, but his protestation is conclusory. There are no facts supporting the conclusion that mail stated as sent by the mailroom was not sent. Thus, there appear to be three occasions over the course of two months (one in February and two in March 2026) when mail Plaintiff attempted to send to the media may not have been sent, with justification offered for two of

these events.[1] These isolated incidents do not support a First or Fourteenth Amendment claim based on interference with the mail.

## III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **November 12, 2026**. The document must be titled "AMENDED COMPLAINT" and Plaintiff must allege all claims, and the factual basis in support of all claims, he wishes to assert against the defendants he names. If he asserts a claim against the Las Vegas Metropolitan Police Department, he must plead facts that meet the standard set forth in *Monell* discussed above.

IT IS FURTHER ORDERED that if Plaintiff fails to file an amended complaint, the Court will recommend dismissal of this action in its entirety.

Dated this 13th day of October, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff alleges a claim based on the opening of his mail, his claim fails. An inmate's federally protected right to confidential correspondence is limited. The Ninth Circuit holds that the United States Constitution protects the confidentiality of an inmate's "legal mail"—properly marked correspondence with a civil or criminal attorney—and that such mail may be opened and inspected for contraband in the inmate's presence, but may not be read by prison officials absent a legitimate penological interest for doing so. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210-1211 (9th Cir. 2017). Federal law does not afford the same protection to an inmate's "regular" or "non-legal" mail. Such mail is not confidential under federal law and may be opened and read outside the inmate's presence. *Id*. at 1211; *Mann v. Adams*, 846 F.2d 589, 590 (9th Cir. 1988) (per curiam) (rejecting the contention that mail sent to inmates from public agencies, public officials, recognized civil rights groups, and news media must be opened only in the inmate's presence).